**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-CV-03322-LTB-BNB

MIDCITIES METROPOLITAN DISTRICT NO. 1, a quasi-municipal corporation and political subdivision of the State of Colorado

    Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, a national banking association,

    Defendant.

**[PROPOSED] SCHEDULING ORDER**

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

The Scheduling Conference was held on November 18, 2013, at 10:30 AM, before Magistrate Judge Boyd N. Boland. The following counsel appeared:

**Counsel for Plaintiff MidCities Metropolitan District No. 1**

Laura J. Hazen
Matthew A. Court
717 17th Street, Suite 2800
Denver, Colorado 80202
Telephone:  (303) 623-2700
Facsimile:  (303) 623-2062
lhazen@irelandstapleton.com
mcourt@irelandstapleton.com

**Counsel for Defendant U.S. Bank National Association**

Lindquist & Vennum LLP
Michael T. Gilbert, Esq.
Kirstin D. Kanski, Esq.
600 17th Street, Suite 1800 South
Denver, CO 80202
mgilbert@lindquist.com
kkanski@lindquist.com

## 2. STATEMENT OF JURISDICTION

The Parties agree that jurisdiction is proper under 28 U.S.C. § 1332.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.  **Plaintiff:**  MidCities Metropolitan District No. 1 ("MidCities") is a special district regularly organized and existing under C.R.S. § 32-1-101, *et seq*. MidCities seeks to recover certain funds that are owed it by U.S. Bank National Association ("U.S. Bank") by virtue of U.S. Bank's ownership of certain real property (the "Property") located in the City and County of Broomfield, State of Colorado and its assumption of a covenant. MidCities is a third party beneficiary of a deed (the "Deed") that contains a covenant that specifically requires U.S. Bank to pay MidCities the following: "[F]or every calendar year, commencing with the calendar year 2003 . . . the remainder of (i) $350,000 minus (ii) one-half (1/2) of a three and one-half percent (3.5%) sales tax collected by the City of Broomfield from the Property for the year (the "Shortfall Amount" or the "Covenant")."

Initially, MidCities asserted claims for breach of contract, unjust enrichment, declaratory judgment, and injunctive relief. U.S. Bank moved for dismissal of MidCities' claims on the basis that MidCities' Complaint failed to allege a factual basis for finding that real property covenants in the Deed are binding on U.S. Bank because they run with the land. The Court dismissed MidCities' claims for breach of contract, declaratory judgment, and injunctive relief on the basis that MidCities failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), finding that the Covenant at issue did not run with the land. MidCities is now proceeding against U.S. Bank on its claim for unjust enrichment.

Specifically, under its current unjust enrichment claim, MidCities claims U.S. Bank received benefits as owner of the Property, for which it failed to compensate MidCities. MidCities claims that U.S. Bank enjoyed certain benefits associated with property ownership conferred by MidCities and MidCities has not been compensated accordingly. Though the Shortfall Amount was paid to MidCities between 2004 and 2010, by other property owners, U.S. Bank has not made similar payments.

Absent a requirement to pay the Shortfall Amount, U.S. Bank has the use and enjoyment of the benefits of ownership of the property but makes no payments or other contributions to MidCities. U.S. Bank's refusal to pay the Shortfall Amount is at MidCities' direct expense.

MidCities also intends to seek leave to amend its Complaint to include a claim for promissory estoppel and U.S. Bank's breach of the assumed Covenant to make annual payments in lieu of taxes, which constituted a Related Liability under the Purchase and Assumption Agreement between the FDIC and U.S. Bank, assumed by U.S. Bank.

MidCities denies that the amounts it seeks by this action from U.S. Bank constitute a tax. Rather, as indicated above, the Shortfall Amount is a covenant payment in lieu of tax covenant created contractually by the Deed. Thus, the restrictions on taxation cited by Defendants (Article X, Section 20 of the Colorado Constitution (the "TABOR Amendment"), Article X, Section 3 of the Colorado Constitution and Section 32-1-1201(1), C.R.S.) are inapplicable.

b.    **Defendant:** U.S. Bank denies any and all liability for the payment obligations agreed to by Heritage Bank pursuant to the Grantee's Covenant contained in Article II of the

Deed. U.S. Bank acquired the Property from the FDIC, in its capacity as receiver of First Community Bank, pursuant to a Purchase and Assumption Agreement dated January 28, 2011, between the FDIC, as Receiver of First Community Bank, Taos, New Mexico, and U.S. Bank (the "PAA Agreement"). U.S. Bank is not a party to the Deed or the Covenant, never contractually agreed to pay the Covenant, and did not assume the Grantee's Covenant or any payment obligations that arise as a result of the Covenant pursuant to the terms of the PAA Agreement, as a "Related Liability" or otherwise. MidCities has no standing to assert any claims alleging a breach of the terms of the PAA Agreement and any attempt to do so would be futile.

The Grantee's Covenant does not require U.S. Bank to make any payment to MidCities. On June 24, 2013, the District Court held that the Grantee's Covenant is not a real covenant that runs with the Property or binds U.S. Bank. [Dkt. #18.] U.S. Bank denies that it was unjustly enriched. U.S. Bank paid a discounted book value of $3,553,343 for the Property. Because the Grantee's Covenant is not a real covenant, its enforcement against U.S. Bank or the Property would constitute an unlawful tax in violation of the Tabor Amendment (Article X, Section 20 of the Colorado Constitution), Article X, Section 3 of the Colorado Constitution, and the Special District Act, Colo. Rev. Stat. § 32-1-1201(1).

c. **Other Parties:** MidCities knows of no other parties at the current time.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff MidCities is a special district regularly organized and existing under C.R.S. § 32-1-101, *et seq.*

2. Defendant U.S. Bank National Association is a national banking association registered to do business in Colorado and has a place of business at 6363 West 120th Avenue, Broomfield, Colorado 80020.

3. Coalton Acres, LLC is the original developer of the Property that is the subject of this litigation (the "Property").

4. Coalton Acres conveyed title to the Property to Heritage Bank pursuant to a Special Warranty Deed dated August 21, 2001 ("Deed"), which was recorded in the real property records of Boulder County, Colorado.

5. Article II of the Deed contains a Grantee's Covenant that provided that Heritage Bank, as Grantee, agreed to pay to MidCities Metropolitan District No. 1 "for every calendar year, commencing with the calendar year 2003 . . . the remainder of (i) $350,000 minus (ii) one-half (1/2) of a three and one-half percent (3.5%) sales tax collected by the City of Broomfield from the Property for the year."  (Hereafter the "Shortfall Amount").

6. U.S. Bank acquired the Property for value from the FDIC, in its capacity as receiver of First Community Bank of Taos, New Mexico, pursuant to a Purchase and Assumption Agreement dated January 28, 2011 (the "Purchase and Assumption Agreement").

7. The Parties agree to the authenticity of the Deed, the Assignment, and the Purchase and Assumption Agreement, which are attached to the Complaint as Exhibits A through C.

## 5.  COMPUTATION OF DAMAGES

**To be supplemented on or before December 6, 2013, with a good faith estimate of the economic damages claimed.**

Under its current claim of unjust enrichment, MidCities seeks damages arising from the uncompensated conferral of benefits upon U.S. Bank in the form of property ownership, including without limitation, the services provided and infrastructure associated with such property ownership, and further seeks all damages and other forms of relief resulting from Defendant's unjust enrichment; pre-judgment and post-judgment interest; and attorney fees, expenses and costs.

To prove damages in connection with its unjust enrichment claim, MidCities will discover into the benefits, services provided and infrastructure associated with such property in this matter, and quantify the value of the benefits allocated to U.S. Bank. U.S. Bank's continued refusal to pay the Shortfall Amount could result in additional damages.

In addition, MidCities is preparing and has conferred with counsel for U.S. Bank, concerning its intent to file a Motion to Amend its complaint to articulate a promissory estoppel and breach of contract claims based upon MidCities' allegations that U.S. Bank breached its assumption of the Covenant with MidCities to pay the Shortfall Amount as a Related Liability. ~~MidCities reserves the right to supplement its damages accordingly, with any amendments of pleadings and/or as the discovery of relevant information becomes available.~~

U.S. Bank disputes that the foregoing constitutes a sufficient disclosure or computation of all categories of damages sufficient to satisfy this Court's Scheduling Order requirements.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting.**

The Rule 26(f) meeting was held on Monday, September 9, 2013 and has continued.

b. **Names of each participant and party he/she represented.**

On September 9, Laura J. Hazen, Esq. and Matthew A. Court, Esq. appeared on behalf of Plaintiff MidCities. Michael T. Gilbert, Esq. and Kirstin D. Kanski, Esq. appeared on behalf of Defendant U.S. Bank.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The Parties have exchanged initial Rule 26(a)(1) disclosures. The Parties do not propose any additional changes in timing or requirements of disclosures under Fed.R.Civ.P.26(a)(1).

d. **Statement concerning any agreements to conduct informal discovery:**

No such arrangements have been made to date.

e. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:**

No such arrangements have been made to date. However, as appropriate, the parties agree to cooperatively address any such issues as they may arise.

f. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

At present, the parties do not anticipate that their claims or defenses will involve extensive electronically stored information ("ESI") or that a substantial amount of disclosure or discovery will involve information or records in electronic form. However, to the extent that electronically stored information is produced, the Parties agree to produce such information in its native format or, if such

production is prohibited by law or requires special software not freely available, in TIFF or PDF formats, in searchable text format. The parties agree to discuss acceptable production deliverables formatted to be compatible with the respective parties' database management systems. To the extent that any of the parties seek extensive ESI, such ESI should be sought pursuant to an agreed upon ESI protocol.

g. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Initial settlement offers have been exchanged by the parties.

## 7. CONSENT

All Parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

**Each side may take no more than ten depositions, plus the depositions of any specially retained experts designated pursuant to this Scheduling Order. Each side may serve no more than 25 interrogatories, including discrete subparts.** ~~The Parties do not propose any modifications to the presumptive numbers of depositions and interrogatories contained in the Federal Rules of Civil Procedure.~~

b. **Limitations which any party proposes on the length of depositions.**

**No deposition may exceed one day of seven hours.** ~~The Parties do not propose any limitations to the length of depositions other than those imposed by the Federal Rules of Civil Procedure.~~

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

   **Each side may serve no more than 25 requests for production and 25 requests for admissions.** ~~The Parties do not propose any modifications to the presumptive number of requests for production and/or requests for admission.~~

d. **Other Planning or Discovery Orders**

   1. ~~Deadline for filing proposed protective order(s):  November 30, 2013.~~

   2. **No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR 7.1A.** ~~If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with the Magistrate regarding the issue.  Both of these steps must be completed before any contested discovery motions are filed with the Court.~~

   3. **Other issues:**  None.

### 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**  December 15, 2013.

b. **~~Fact~~ Discovery Cut-Off ~~Deadline~~: May 17, 2014** ~~June 13, 2014.~~

c. **Dispositive Motions Deadline: June 17, 2014** ~~August 2, 2014.~~

d. **Expert Witness Disclosure:**

   1. **The parties shall identify anticipated fields of expert testimony, if any.**

      The Parties have not yet identified any anticipated fields of expert testimony at this time.

   2. **Limitations which the parties propose on the use or number of expert witnesses.**

      The Parties agree to a limit of two expert witnesses per side.

   3. **The parties shall designate all affirmative experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

9

    **March 18, 2014** ~~Ninety (90) days before the date of trial~~.

  **4.**   **The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

    **April 18, 2014** ~~Thirty (30) days after the opposing party has submitted its affirmative expert report~~.

e.   **Identification of Persons to Be Deposed:** The Parties have not yet identified persons to be deposed. The Parties state that any individual identified in Rule 26 Disclosures may be deposed.

f.   **Deadline for Interrogatories: All written discovery must be served so that responses are due on or before the discovery cut-off.** ~~Service of interrogatories shall occur on or before April 29, 2014 (45 days prior to the close of fact discovery).~~

g.   **Deadline for Requests for Production of Documents and/or Admissions: All written discovery must be served so that responses are due on or before the discovery cut-off.** ~~Service of requests for production of document and/or admission shall occur on or before April 29, 2014 (45 days prior to the close of fact discovery).~~

h.   ~~**Deadline to Conduct Depositions of Expert Witnesses:** Thirty-five (35) days after disclosure of rebuttal experts~~

i.   ~~**Discovery Close:** Forty-five (45) days after the designation of rebuttal experts identified in 9(d)(4).~~

    **10. DATES FOR FURTHER CONFERENCES**

a.   ~~An early neutral evaluation will be held on _____, at \_\_.m. It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.~~

  ~~( )  Pro se parties and attorneys only need be present.~~

~~(X)  Pro se parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)~~

~~( )  Each party shall submit a Confidential Statement to the magistrate judge on or before _____, outlining the facts and issues, as well as the strengths and weaknesses of their case.~~

b.  ~~Status conferences will be held in this case at the following dates and times~~

c.  A final pretrial conference will be held in this case on **August 21, 2014, at 9:30 a.m.** A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than **August 14, 2014** ~~five (5) days before the final pretrial conference.~~

## 11. OTHER SCHEDULING MATTERS

a.  **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

**Discovery Issues:** U.S. Bank disputes that section 5 above is a sufficient disclosure or computation of all categories of damages by MidCities and requests that the Court order MidCities to provide a complete and accurate computation of all damages it seeks in this action and the basis and theory for calculating those damages.

**Scheduling Issues:** Deadline for amendment of pleadings.

b.  **Anticipated length of trial and whether trial is to the court or jury.**

The trial is anticipated to be four (4) days. MidCities has requested a jury trial. U.S. Bank does not believe that MidCities has the right to a jury trial because the sole remaining claim in this case is an equitable claim for unjust enrichment. U.S. Bank intends to file a pre-trial motion to strike MidCities' jury demand.

11

    c.    **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility.**

The Parties do not believe that any pretrial proceeding will be more efficiently or economically conducted at locations other than the District Court.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

Motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D, by containing proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

Dated November 18, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

APPROVED:

/s/Laura J. Hazen

Laura J. Hazen
Matthew A. Court
717 17th Street, Suite 2800
Denver, Colorado 80202
Telephone: (303) 623-2700
Facsimile: (303) 623-2062
lhazen@irelandstpleton.com
mcourt@irelandstapleton.com
Attorneys for Plaintiff
MidCities Metropolitan District No. 1

/s/ Kirstin D. Kanski

Lindquist & Vennum LLP
Michael T. Gilbert, Esq.
Kirstin D. Kanski, Esq.
600 17th Street, Suite 1800 South
Denver, CO 80202
mgilbert@lindquist.com
kkanski@lindquist.com
Attorneys for Defendant
U.S. Bank National Association