**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-CV-03322-LTB-BNB

MIDCITIES METROPOLITAN DISTRICT NO. 1, a quasi-municipal corporation and political
subdivision of the State of Colorado

      Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, a national banking association,

      Defendant.

---

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

---

      Plaintiff, MidCities Metropolitan District No. 1 ("MidCities"), and Defendant, U.S. Bank
National Association  ("U.S. Bank"), may each seek documents or other information in discovery
which contain confidential information of the other party or of a third-party, in connection with the
above-captioned case (the "Action"). This Protective Order balances the interests of the public
against the interests of the parties in avoiding disclosure of confidential information. This Protective
Order is limited in scope and narrowly tailored, protecting only that information necessary to guard
the movants' privacy and/or property rights, and no more.

      THEREFORE, MidCities and U.S. Bank jointly move this Court, pursuant to Rule 26(c) of
the Federal Rules of Civil Procedure, for entry of this Protective Order. The Court having found that,
in light of the nature of the confidential information that may be sought in discovery, good cause
exists for the entry of the following Protective Order:

IT IS HEREBY ORDERED that this Protective Order is hereby entered in this Action:

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of the parties to this Action. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a)     attorneys actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)     the parties, including any designated representative of any party;

(d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)     the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses; and

(h)     other persons by written agreement of the parties.

5.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection

within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.      At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10.     The parties acknowledge that this Protective Order does not entitle them to file CONFIDENTIAL information under seal; Civil Local Rule 7.2 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

11.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.


Dated April 7, 2014.

BY THE COURT:


 s/ Boyd N. Boland

United States Magistrate Judge



AGREED AS TO FORM AND SUBSTANCE:

**IRELAND STAPLETON PRYOR & PASCOE, PC**


/s/ Mark E. Haynes                                              Dated:  April 2,  2014
Mark E. Haynes
Matthew A. Court
717 17th Street, Suite 2800
Denver, Colorado 80202
Telephone:     (303) 623-2700
Facsimile:     (303) 623-2062
lhazen@irelandstapleton.com
mcourt@irelandstapleton.com

Attorneys for Plaintiff MidCities
Metropolitan District No. 1


**LINDQUIST & VENNUM LLP**

/s/ Michael T. Gilbert                                         Dated:  April 3, 2014
Michael T. Gilbert, Esq.
Kirstin D. Kanski, Esq.
600 17th Street, Suite 1800 South
Denver, CO 80202
mgilbert@lindquist.com
kkanski@lindquist.com

Attorneys for Defendant
U.S. Bank National Association

Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-CV-03322-LTB-BNB

MIDCITIES METROPOLITAN DISTRICT NO. 1, a quasi-municipal corporation and political

subdivision of the State of Colorado

      Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION, a national banking association,

      Defendant.

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

      I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado in the case of *MidCities Metropolitan District No. 1 v. U.S. Bank National Association*, Case No. 1:12-cv-03322-LTB-BNB.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

STATE OF _____  )
                      ) ss.
COUNTY OF _____  )

                                (Print or Type Name)
SUBSCRIBED AND SWORN to before me this ____ day of _____, 201_, by
_____.

WITNESS my hand and official seal.  _____

Notary Public

My Commission Expires:  _____